**COMP**
CAL J. POTTER, III, ESQ.
Nevada Bar No. 1988
JOHN C. FUNK, ESQ.
Nevada Bar No. 9255
POTTER LAW OFFICES
1125 Shadow Lane
Las Vegas, Nevada 89102
(702) 385-1954
and
VINCENT OCHOA, ESQ.
Nevada Bar No.: 1049
430 S. Seventh St.
Las Vegas, Nevada 89101
(702) 383-8383

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MARIA GARCIA as Special Administrator to the Estate of GENESIS ACOSTA-GARCIA and as Guardian ad Litem to SANDRA ACOSTA-GARCIA; SANDRA ACOSTA-GARCIA, a minor; GENESIS ACOSTA-GARCIA, a minor deceased.<br><br>Plaintiffs,<br><br>vs.<br><br>CLARK COUNTY; CLARK COUNTY DEPARTMENT OF FAMILY SERVICES; JOHN DOES I through XI, inclusive; ROE CORPORATIONS I through X, inclusive.<br><br>Defendants. | CASE NO.:<br><br>**COMPLAINT**<br>Jury Trial Demanded |

COMES NOW, Plaintiffs MARIA GARCIA, SANDRA ACOSTA-GARCIA and GENESIS ACOSTA-GARCIA, by and through their attorneys CAL J. POTTER, III, ESQ. of POTTER LAW OFFICES and VINCENT OCHOA, ESQ. and hereby as follows:

/ / /

/ / /

**I.**

**INTRODUCTION**

1. This is an action whereby Plaintiffs seek compensation from the above named Defendants for damages sustained due to the death of their kin GENESIS ACOSTA-GARCIA (hereinafter "GENESIS"), while in the custody, care and control of the above named Defendants. Plaintiff's claims are based upon the laws of the State of Nevada and the Fifth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983.

**II.**

**JURISDICTION**

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 *et. seq.*, and the Fourth and Fourteenth Amendments to the United States Constitution and under the common law of the State of Nevada. Jurisdiction is based upon 28 U.S.C. § 1331 and § 1343(1), (3), (4) and the aforementioned statutory provision. Plaintiffs further invoke the pendent jurisdiction of this Court to hear and decide claims arising under state law.

**III.**

**PARTIES**

3. At all times relevant herein, the Plaintiffs were and continue to be residents of County of Clark, State of Nevada and are the natural mother and grandmother of GENESIS.

4. Upon information and belief, Doe Defendants I and II are and at all times pertinent hereto residents of Clark County and were acting as foster parents for GENESIS at the time of her death.

5. Upon information and belief, Doe Defendants III through V were and are at all times pertinent hereto residents of Clark County, State of Nevada and caseworkers for Clark County and its agency of Department of Family Services ( hereinafter "DFS" ) and were personally charged with overseeing GENESIS' placement, care and control while in the custody of DFS.

6. Upon information and belief, Doe Defendants VI through VIII were and are at all times pertinent hereto residents of Clark County, State of Nevada and medical personnel controlled by DFS and were personally charged with providing medical care for GENESIS and with overseeing GENESIS' health, care and well-being while in the custody of DFS.

7. Upon information and belief, Doe Defendant IX is and at times pertinent hereto was a resident of Clark County, State of Nevada and supervisor of Doe Defendants I through VIII, within the DFS.

8. Upon information and belief, Doe Defendant X is and was at all times relevant hereto a resident of Clark County, State of Nevada and Director of DFS with oversight responsibilities for the training, supervision and performance of the DFS and its caseworkers.

9. Upon information and belief, Doe Defendant XI is and was at all times pertinent hereto a resident of Clark County, State of Nevada, and interim Director of DFS with oversight responsibilities for the training, supervision and performance of the DFS and its caseworkers at the time of GENESIS' death.

10. That CLARK COUNTY and its agency of DFS is a Political Subdivision of the State of Nevada and is considered a "person" subject to suit under 42 U.S.C. § 1983.

11. The true names and capacities of Defendants named herein as DOES I through XI, inclusive, and ROES I through XI whether individual, corporate, associate or otherwise, are presently unknown to Plaintiff who therefore sues said Defendants by such fictitious names; and when the true names and capacities of DOES I through XI, inclusive and/or ROES I through XI are discovered, Plaintiff will ask leave to amend this Complaint to substitute the true names of said Defendants. Plaintiff is informed, believes and therefore alleges that Defendants so designated herein are responsible in some manner for the events and occurrences contained in this action.

/ / /

/ / /

## IV.

## GENERAL ALLEGATIONS

12. Paragraphs 1-11 are hereby re-alleged and incorporated by reference herein.

13. On or about August 20, 2005 Defendant DFS removed GENESIS from the care, custody and control of her mother Sandra and Grandmother Marie, Plaintiffs herein, pursuant to a child protective proceeding. GENESIS was place in the custody of Defendant DFS.

14. That on or about October 24, 2005 GENESIS was placed in the care, custody and control of Doe Defendants I and II, whom acted as foster parents for GENESIS,

15. Upon information and belief, on or about November 12, 2005 Plaintiffs Maria Garcia and Sandra Acosta-Garcia noticed a detrimental change in the physical condition of GENESIS and requested that Doe Defendants I and II seek medical care for GENESIS.

16. That Doe Defendants I and II (foster parents) did not seek medical care for several days and then only received immunization shot for GENESIS on November 14, 2005

17. That on or about November 16 2005, when Defendants finally took GENESIS to receive medical care she was extremely ill and was admitted to neonatal intensive care unit. Doe Defendants VI through VIII had the opportunity to provide medical treatment to GENESIS, Doe Defendants VI through VIII took no action except to provide and immunization shot even after being advised by Defendants I and II that GENESIS had been ill for several days.

18. That Doe Defendants VI through VIII, in not providing medical treatment or medicine to GENESIS and by failing to inform Doe Defendants I and II that GENESIS was ill, led to further delays in GENESIS receiving necessary medical care.

19. That Doe Defendants I and II failed to seek medical care for GENESIS in a timely manner.

20. That Doe Defendants I through XI neglected to provide adequate medical care to

GENESIS.

21. That as a result of Doe Defendants I through XI's negligence, once GENESIS finally received medical attention there was no medically viable option to save GENESIS' life.

22. That Doe Defendants I through XI's actions in failing to provide medical care to GENESIS, a baby in their control and custody, until GENESIS was beyond the time that medical assistance could be helpful was negligent and a breach of their duty to Plaintiffs MARIA GARCIA, SANDRA ACOSTA-GARCIA and GENESIS ACOSTA-GARCIA.

23. That Plaintiff GENESIS CAROLINA ACOSTA-GARCIA died on November 19, 2005.

## V.

## FIRST CAUSE OF ACTION

**(Violation of Civil Rights Pursuant to 42 U.S.C. § 1983 against Doe Defendants III, IV, V, IX, X and XI).**

24. Paragraphs 1-23 are hereby re-alleged and incorporated herein by reference.

25. Plaintiffs had a constitutional right to a continuing familial association with GENESIS and privacy within the family unit protected by the Fifth and Fourteenth Amendments to the United States Constitution.

26. Doe Defendants III, IV, V, IX, X and XI improperly investigated Doe Defendants I and II and improperly authorized Defendants to act as foster parents to GENESIS

27. Doe Defendants III, IV, V, IX, X and XI placed GENESIS in a dangerous situation when they placed her in the foster home of Doe Defendants I and II.

28. Doe Defendants I and II failed to supervise GENESIS properly while she was in their care.

29. Doe Defendants III, IV, V, IX, X and XI failed to take appropriate action to see that GENESIS was returned to her natural parents, including but not limited to, pursuing appropriate reunification efforts as required by NAC 432B and NRS 432B.

30. In improperly investigating, and improperly licensing Doe Defendants I and II as

foster parents, placing GENESIS in the home of Doe Defendants I and II , failing to supervise GENESIS in the foster home, and failing to ensure GENESIS would be returned to Plaintiffs, Defendants Doe Defendants III, IV, V, IX, X and XI were deliberately indifferent to Plaintiffs constitutional right of continuing familial association with their daughter GENESIS.

31. In improperly investigating, and improperly licensing Doe Defendants I and II as foster parents placing GENESIS in the home of Doe Defendants I and II , in failing to supervise GENESIS in the foster home, and failing to ensure GENESIS would be returned to Plaintiffs, Defendants Doe Defendants III, IV, V, IX, X and XI failed to exercise professional judgment and instead departed extremely from the exercise of acceptable professional judgment.

32. In improperly investigating, and improperly licensing Doe Defendants I and II as foster parents, placing GENESIS in the home of Doe Defendants I and II  failing to supervise GENESIS in the foster home, and failing to ensure GENESIS would be returned to Plaintiffs, Defendants Doe Defendants III, IV, V, IX, X and XI, abused their power as government officials.

33. As a result of the failures of the Defendants, Plaintiffs have been deprived of any contact with their daughter /kin and have lost the right to familial association with GENESIS and the opportunity to remain and continue as a family unit in violation of their rights under the Fifth and Fourteenth Amendments to the United States Constitution.

34. That said acts and omissions by Defendants, acting under the color of the law, were taken pursuant to a *de facto* policy that included the improper investigation, training and licensing of foster parents, deprived Plaintiffs of their right to a continuing familial association, and the right to keep and raise and keep their family together in violation of the Plaintiff's Fifth and Fourteenth Amendment rights under the United States Constitution.

35. By reason of the foregoing, Plaintiff suffered severe terror, pain, suffering, mental injuries, and severe mental anguish over the loss of GENESIS, suffering damages in excess of $75,000.00.

36. By reason of the foregoing, Plaintiffs have retained an attorney to prosecute this action and are entitled to attorney's fees pursuant to NRS 18.010 and 42 U.S.C. § 1988(b).

## VI.

## SECOND CAUSE OF ACTION

**(Violation of Civil Rights Pursuant to 42 U.S.C. 1983 Against Defendant DFS and Doe Defendants I through XI).**

37. Paragraphs 1-36 are hereby re-alleged and incorporated herein by reference.

38. Defendants DFS, and Doe Defendants III through XI knew or should of the facts set forth in paragraphs 1-36 above.

39. Defendants DFS, and Doe Defendants III through XI nevertheless acted through *de facto* policies which:

 a. Failed to develop or promulgate guidelines and procedures for the selection of and supervision of foster parents, to eliminate or exclude those foster parents who posed a danger to the child's welfare or who neglected or abused children; and

 b. Failed to implement or develop programs to ensure that social workers and supervisors provided proper supervision for foster children; and

 c. Failed to develop or implement procedures and guidelines for the protection of foster children in foster homes.

40. Defendants DFS, and Doe Defendants III through XI knew or should have known that these failures to act would cause the violation of constitutional rights of children in foster homes and the violation of the constitutional rights of natural parents of those foster children.

41. As a result of the failures of the defendants, Plaintiffs have been deprived of any contact with GENESIS and have lost the right to familial association with GENESIS and the opportunity to remain and continue as a family unit in violation of their rights under the Fifth and Fourteenth Amendments to the United States Constitution.

42. By reason of their acts and omissions, Defendants, acting under color of law, in

gross and wanton disregard of Plaintiff's rights, deprived Plaintiffs of their right to a continuing familial association, and their right to raise and keep a family together in violation of the Plaintiff's Fifth and Fourteenth Amendment rights under the United States Constitution.

43.  By reason of the foregoing, Plaintiff's suffered terror, pain, and suffering, mental injuries, and severe mental anguish over the loss of GENESIS.

44.  By reason of the foregoing, Plaintiff's have retained an attorney to prosecute this action and are entitled to attorney's fees pursuant to NRS 18.010 and 42 U.S.C. § 1988(b).

## VI.

## THIRD CAUSE OF ACTION

**(Violation of Civil Rights Pursuant to 42 U.S.C. § 1983 Against CLARK COUNTY and its Agency DFS).**

45.  Paragraphs 1-44 are hereby realleged and incorporated herein by reference.

46.  Defendant CLARK COUNTY and its agency DFS had an obligation to provide training to foster care social workers and supervisors regarding:

   a.  The investigation and licensing of prospective foster parents;

   b.  The selection of foster parents for particular foster children;

   c.  The re-licensing of foster parents;

   d.  The supervision of foster children in foster homes;

   e.  The protection of foster children from abusive foster parents;

   f.  The reporting of cases of suspected child abuse to the child protective services;

   g.  The preparation of accurate reports for the County and State.

47.  Defendant CLARK COUNTY and its agency DFS failed in its obligation to provide training to its staff on the subjects listed as Doe Defendants.

48.  Defendant CLARK COUNTY and its agency DFS knew or should have known that its failure to provide such training would create risks to the safety of foster children in its custody and the risk of violating the constitutional rights of the natural parents, including Plaintiffs.

49. In failing to provide adequate training to social workers and supervisors, Defendant CLARK COUNTY and its agency DFS was deliberately indifferent to the welfare of foster children in its custody and to the risk of injury to those children.

50. By reason of its acts and omissions, Defendant CLARK COUNTY through DFS, acting under the color of state statute, regulation, ordinance, custom or usage, and in gross and wanton disregard of Plaintiff's rights, deprived Plaintiffs of their right to continuing familial association and right to raise their child in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

51. As a result of the aforementioned failures of Defendant DFS, Plaintiffs suffered severe terror, pain and suffering, mental injuries, and severe mental anguish over the loss of GENESIS, suffering damages in excess of $75,000.00.

## VII.

## FOURTH CAUSE OF ACTION

**(Pendent State claims of Negligence Against Doe Defendants III through XI, Clark County and DFS).**

52. Paragraphs 1 through 51 are hereby re-alleged and incorporated herein by reference.

53. Sections 424 and 432B of the Nevada Administrative Code, Chapters 424, 432A, and 432B of the Nevada Revised Statutes and the common law of the State of Nevada impose a duty of reasonable professional judgment and reasonable care upon Doe Defendant I through XI Clark County and DFS in carrying out their responsibilities pursuant to the aforementioned state statutes.

54. The above named Defendants, individually and collectively, breached their duty of care owed to the Plaintiffs by the following actions or inaction:

a. failing to comply with the investigatory provisions of NAC 424 and 432B regarding the licensing process for foster homes;

b. failing to adequately supervise the care of GENESIS while in the custody of Doe

1 Defendants I, II, VI, VII and VIII as required by NAC 432B and NRS 424, 432A and 432B;

2     c.      failing to exercise reasonable care in licensing Doe Defendants I and II, placing GENESIS in the care of Doe Defendants I, II, VI, VII and VIII, supervising GENESIS while in the foster home and pursuing reunification efforts to unify GENESIS with Plaintiffs

55. That as a result of Defendants action or inaction, GENESIS is deceased, thus depriving Plaintiffs of their familial association with GENESIS and causing Plaintiffs to sustain severe terror, pain and suffering, mental injuries, and severe mental anguish over the loss of GENESIS, suffering damages in excess of $75,000.00.

56. By reason of the foregoing, Plaintiffs have retained an attorney to prosecute this action and are entitled to attorney's fees pursuant to NRS 18.010 and 42 U.S.C. § 1988(b).

## VII.

## FIFTH CAUSE OF ACTION

**(State Claim of Negligence Against Doe Defendants I and II).**

57. Paragraphs 1 through 56 are hereby re-alleged and incorporated herein by reference.

58. Doe Defendants I and II owed a duty to act with reasonable care in maintaining a home for GENESIS and acting as a foster parents for GENESIS at the direction of Defendant DFS.

59. Doe Defendants I and II breached this duty of care owed to Plaintiffs by failing to ensure that GENESIS was kept in an environment safe and secure for a child two months of age, so that she could be returned to her family pursuant to reunification efforts that should have been conducted by DFS and its caseworkers.

60. Doe Defendants I and II knew or should have known of dangers GENESIS faced.

61. Nevertheless, Defendants failed to take corrective measures to secure medical

care for GENESIS, thereby breaching their duty to of reasonable care owed to Plaintiffs.

62.     As a result of Defendants breech, GENESIS is deceased, thus depriving Plaintiffs of their familial association with GENESIS and causing Plaintiffs to sustain severe terror, pain and suffering, mental injuries, and severe mental anguish over the loss of GENESIS, suffering damages in excess of $75,000.00.

63.     By reason of the foregoing, Plaintiffs have retained an attorney to prosecute this action and are entitled to attorney's fees pursuant to 42 U.S.C. § 1988(b).

WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

1.      For special damages and general damages of an amount in excess of $75,000.00.

2.      For attorney's fees pursuant to NRS 18.010 and 42 U.S.C. § 1988(b).

3.      For such other and further relief as the Court may deem just and proper.

DATED this 13th day of November, 2007.

CAL J. POTTER, III, ESQ.
Nevada Bar No. 1988
JOHN C. FUNK, ESQ.
Nevada Bar No. 9255
POTTER LAW OFFICES
1125 Shadow Lane
Las Vegas, Nevada 89102
and
VINCENT OCHOA, ESQ.
Nevada Bar No.: 1049
430 S. Seventh St.
Las Vegas, Nevada 89101
*Attorneys for Plaintiffs*